UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ROMULO TAVERAS, individually, and as parent and
natural guardian of R.T., an infant
over the age of 14 years, RAMI TAVERAS
and YUDELKA CRUZ,

                       Plaintiffs,

    -against-

P.O. ANGEL DALIZ, Shield No. 6826, DETECTIVE
DERRICK JACKSON, Tax Identification No. 899385,
SERGEANT KEVIN GOGGIN, Tax Identification
No. 900851, CAPTAIN PAUL LICHTBRAUN, Tax
Identification No. 897872, CAPTAIN KEVIN REDDY,
Tax Identification No. 913607, LIEUTENANT
ROWDA, DETECTIVE PESICK, DETECTIVE
SEPULVEDA, DETECTIVE KALOGIROS,
DETECTIVE SOLOMON, DETECTIVE THOMPSON,
DETECTIVE RODRIGUEZ, DETECTIVE McNULTY,
DETECTIVE DOUGHERTY, UNDERCOVER
OFFICER #93, UNDERCOVER OFFICER #229,
CONFIDENTIAL INFORMANT 12-00149,
A.D.A. NEUALA O'DOHERTY and
THE CITY OF NEW YORK,

                       Defendants.
-------------------------------------------------------------------X

13 CV 3038 (WHP)

SECOND AMENDED
COMPLAINT
JURY TRIAL DEMAND

        Plaintiffs, ROMULO TAVERAS, individually, and as parent and natural guardian of R.T., an infant over the age of 14 years, RAMI TAVERAS and YUDELKA CRUZ, by their attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully allege as follows:

## JURISDICTION

        1.    This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2.  This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

3.  Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

4.  Plaintiffs, invoking the pendent jurisdiction of this Court, also seek compensatory and punitive damages for false arrest and battery.

## VENUE

5.  Venue is properly alleged in the Southern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6.  Plaintiffs hereby demand a trial by jury of all issues in this action that are so triable.

## PARTIES

7.  At all times relevant hereto, plaintiff ROMULO TAVERAS was and is a natural person, resident in the County, City and State of New York, and was and is the father of the infant plaintiff.

8.  At all times relevant hereto, plaintiff R.T. was and is a natural person and an infant over the age of 14 years and was and is the son of plaintiff ROMULO TAVERAS.

9.  At all times relevant hereto, plaintiff RAMI TAVERAS was and is a natural person resident in the County, City and State of New York and was and is the son of plaintiff ROMULO TAVERAS.

10. At all times relevant hereto, plaintiff YUDELKA CRUZ (hereinafter "CRUZ") was and is a natural person, resident in the County, City and State of New York and was and is the lawful wife of plaintiff ROMULO TAVERAS.

11. At all times relevant hereto, all plaintiffs resided at the premises 550 West 172nd Street, Apt. 3C, County, City and State of New York (hereinafter "subject premises").

12. At all times relevant hereto, defendant P.O. ANGEL DALIZ, Shield No. 6826 (hereinafter "DALIZ") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

13. At all times relevant hereto, defendant DETECTIVE DERRICK JACKSON, Tax Identification No. 899385 (hereinafter "JACKSON") was and is a natural person, employed as a detective by the Police Department of defendant CITY OF NEW YORK.

14. At all times relevant hereto, defendant SERGEANT KEVIN GOGGIN, Tax Identification No. 900851 (hereinafter "GOGGIN") was and is a natural person, employed as a sergeant by the Police Department of defendant CITY OF NEW YORK.

15. At all times relevant hereto, defendant CAPTAIN PAUL LICHTBRAUN, Tax Identification No. 897872 (hereinafter "LICHTBRAUN") was and is a natural person, employed as a captain by the Police Department of defendant CITY OF NEW YORK.

16. At all times relevant hereto, defendant CAPTAIN KEVIN REDDY, Tax Identification No. 913607 (hereinafter "REDDY") was and is a natural person, employed as a captain by the Police Department of defendant CITY OF NEW YORK.

17. At all times relevant hereto, defendant LIEUTENANT ROWDA (hereinafter "ROWDA") was and is a natural person, employed as a lieutenant by the Police Department of defendant CITY OF NEW YORK.

18. At all times relevant hereto, defendant DETECTIVE PESICK (hereinafter "PESICK") was and is a natural person, employed as a detective by the Police Department of defendant CITY OF NEW YORK.

19. At all times relevant hereto, defendant DETECTIVE SEPULVEDA (hereinafter "SEPULVEDA") was and is a natural person, employed as a detective by the Police Department of defendant CITY OF NEW YORK.

20. At all times relevant hereto, defendant DETECTIVE KALOGIROS (hereinafter "KALOGIROS") was and is a natural person, employed as a detective by the Police Department of defendant CITY OF NEW YORK.

21. At all times relevant hereto, defendant DETECTIVE SOLOMON (hereinafter "SOLOMON") was and is a natural person, employed as a detective by the Police Department of defendant CITY OF NEW YORK.

22. At all times relevant hereto, defendant DETECTIVE THOMPSON (hereinafter "THOMPSON") was and is a natural person, employed as a detective by the Police Department of defendant CITY OF NEW YORK.

23. At all times relevant hereto, defendant DETECTIVE RODRIGUEZ (hereinafter "RODRIGUEZ") was and is a natural person, employed as a detective by the Police Department of defendant CITY OF NEW YORK.

24. At all times relevant hereto, defendant DETECTIVE McNULTY (hereinafter "McNULTY") was and is a natural person, employed as a detective by the Police Department of defendant CITY OF NEW YORK.

25. At all times relevant hereto, defendant DETECTIVE DOUGHERTY (hereinafter "DOUGHERTY") was and is a natural person, employed as a detective by the Police Department of defendant CITY OF NEW YORK.

26. At all times relevant hereto, defendant UNDERCOVER OFFICER #93 was and is a natural person, employed as an undercover officer by the Police Department of defendant CITY OF NEW YORK.

27. At all times relevant hereto, defendant UNDERCOVER OFFICER #229 was and is a natural person, employed as an undercover officer by the Police Department of defendant CITY OF NEW YORK.

28. At all times relevant hereto, defendant CONFIDENTIAL INFORMANT 12-00149 was and is a natural person, utilized as a confidential informant by defendant CITY OF NEW YORK.

29. At all times relevant hereto, defendant A.D.A. NEUALA O'DOHERTY (hereinafter "O'DOHERTY") was and is a natural person, employed as an assistant district attorney by the New York County District Attorney and as such was an employee of defendant CITY OF NEW YORK and, at all times relevant hereto, was acting in her investigative capacity.

30. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

31. On or about April 13, 2012, this date being within ninety (90) days after the pendent state claims herein sued upon accrued, plaintiffs served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claims arose.

32. More than thirty (30) days have elapsed since the aforementioned verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claims.

33. This action is commenced within one year and ninety days from the date the pendent claims herein accrued.

34. The individual defendants are sued in their individual capacities.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF ALL PLAINTIFFS AGAINST THE INDIVIDUAL DEFENDANTS (42 U.S.C. §1983)

35. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "34" hereinabove as if more fully set forth at length herein.

36. On or about February 7, 2012, defendant O'DOHERTY telephoned defendant JACKSON and told him that defendant CONFIDENTIAL INFORMANT #12-00149 was in her office and had informed her that he knew of a location within the confines of the 33rd Precinct where cocaine was being sold.

37. Defendants JACKSON and DALIZ proceeded to defendant O'DOHERTY's office, where they met with defendant O'DOHERTY and defendant CONFIDENTIAL INFORMANT #12-00149.

38. At the aforementioned time and place, defendant CONFIDENTIAL INFORMANT #12-00149, with the active encouragement of defendant O'DOHERTY, falsely and maliciously informed defendants JACKSON and DALIZ that he had been at the subject premises, that a person named Delgado resided there and that Delgado possessed a large amount of cocaine located therein, which he was selling.

39. Several hours later, on February 7, 2012, defendant JACKSON visited the building in which plaintiffs live and briefly observed the door of the subject premises.

40. On or about February 8, 2012, defendant JACKSON appeared before the Honorable Rita Mella, at that time a Judge of the Civil Court of the City of New York sitting in the Criminal Court of the City of New York, and intentionally or recklessly provided her with an affidavit containing false information sufficient to induce Judge Mella to issue search warrant #167-2012, authorizing a no-knock nighttime search of the subject premises.

41. Upon information and belief, at the time he appeared before Judge Mella, defendant JACKSON was accompanied by defendant CONFIDENTIAL INFORMANT #12-00149.

42. Upon information and belief, the aforementioned search warrant was prepared by defendant JACKSON.

43. In preparing and obtaining the aforementioned search warrant, defendant JACKSON was supervised by defendant GOGGIN.

44. On February 9, 2012, at approximately 6:00 P.M., defendant UNDERCOVER OFFICER #229 followed defendant CONFIDENTIAL INFORMANT #12-00149 into the building in which plaintiffs live, and falsely and maliciously reported

that he observed defendant CONFIDENTIAL INFORMANT #12-00149 enter the subject premises along with the alleged cocaine dealer.

45. At the aforementioned time and place, defendant CONFIDENTIAL INFORMANT #12-00149 was acting under the direction and supervision of defendants JACKSON, UNDERCOVER OFFICER #93 and UNDERCOVER OFFICER #229.

46. At approximately 6:37 P.M., defendant CONFIDENTIAL INFORMANT #12-00149 sent a text message to defendant O'DOHERTY, falsely and maliciously informing her that he had been held at gunpoint inside the subject premises.

47. Approximately three minutes later, defendant O'DOHERTY telephoned defendant CONFIDENTIAL INFORMANT #12-00149 and heard only heavy breathing on his end of the telephone line.

48. At approximately 8:55 P.M., defendant CONFIDENTIAL INFORMANT #12-00149 called defendant O'DOHERTY and informed her that he was with his family.

49. At approximately 10:00 P.M., defendant CONFIDENTIAL INFORMANT #12-00149 telephoned defendant JACKSON and falsely and maliciously informed him that he had been robbed inside the subject premises earlier that evening.

50. In reality, defendant CONFIDENTIAL INFORMANT #12-00149 never entered the subject premises and instead fled with approximately $1,800.00 that one or more of the individual defendants had provided him with to be used as "buy money."

51. Defendant CONFIDENTIAL INFORMANT #12-00149 was eventually arrested by defendant JACKSON.

52. On or about February 9, 2012, at or about 9:41 P.M., plaintiffs were all at home at the subject premises.

53. At the aforementioned time and place, plaintiffs heard two loud bangs on the front door of the subject premises, which were immediately followed by the front door's being broken down and defendants ROWDA, GOGGIN, DALIZ, PESICK, LICHTBRAUN, REDDY, SOLOMON, SEPULVEDA, KALOGIROS, THOMPSON, JACKSON, RODRIGUEZ, McNULTY and DOUGHERTY running into the subject premises.

54. The aforementioned defendants entered the plaintiffs' apartment pursuant to the aforementioned fraudulently, maliciously and recklessly obtained search warrant.

55. Upon information and belief, defendant REDDY was the ranking officer in charge of the tactical plan for the raid upon the subject premises.

56. Upon information and belief, the defendant who supervised the entry into and search of plaintiffs' dwelling was defendant LICHTBRAUN.

57. Defendant JACKSON placed all the plaintiffs under arrest.

58. One of the individual defendants threw plaintiff ROMULO TAVERAS to the floor and rear handcuffed him.

59. Other individual defendants ran into a bedroom where plaintiff CRUZ was present and pointed their weapons at her.

60. Plaintiff CRUZ asked the defendants who had run into the bedroom what was happening.

61. One of the individual defendants replied by telling her to, "Shut the fuck up."

62. Thereupon, plaintiff CRUZ was rear handcuffed.

63. Plaintiff RAMI TAVERAS, who was in bed with a fever, was pulled out of his bed by one or more of the individual defendants, who threw him to the floor, thereby causing injury to his face, held a gun on him and handcuffed him.

64. The infant plaintiff, R.T., believing that his family's home had been invaded by robbers, ran to the fire escape and, wearing only boxer shorts and one bedroom slipper, proceeded down to the ground.

65. Upon information and belief, the outside temperature at the time infant plaintiff R.T. ran down the fire escape was in the thirties.

66. Once infant plaintiff R.T. realized that the persons who had broken into his house were police officers and not robbers, he came back upstairs and re-entered his family's apartment.

67. Infant plaintiff R.T. was rear handcuffed upon his re-entering his family's apartment.

68. All of the plaintiffs were ordered to sit on a couch in the living room, which they all did.

69. Plaintiff RAMI TAVERAS asked one of the individual defendants to show him a search warrant.

70. One of the individual defendants informed him that he would be shown a search warrant later.

71. For the first two hours that the individual defendants remained in the subject premises, they searched the apartment.

72. At the end of two hours, one or more of the individual defendants made an attempt to make the interior of the subject premises look neat, whereupon a videotape of the apartment was made.

73. The handcuffs were removed from the plaintiffs.

74. Approximately ten minutes after the handcuffs were removed from the plaintiffs, defendant SOLOMON brought a dog into the apartment.

75. Defendant SOLOMON led the dog through the apartment for approximately forty minutes while the animal searched for drugs.

76. After the individual defendants had been in the apartment approximately three hours, defendant DALIZ, who had been present the entire time, admitted that the individual defendants had made a mistake in invading and searching the subject premises.

77. The individual defendants left the subject premises.

78. Several hours after the defendants had left the subject premises, defendant CONFIDENTIAL INFORMANT #12-00149 was placed under arrest.

79. The arrests of the plaintiffs were voided.

80. Shortly after the individual defendants had left the subject premises, one or more of them returned, not with a search warrant, but merely with a photocopy of a litigation back allegedly from the affidavit and search warrant for the subject premises.

81. The individual defendants to this action violated the rights guaranteed to each plaintiff hereto by the fourth and fourteenth amendments to the Constitution of the United States in that, acting under color of state law, they intentionally and/or recklessly obtained a search warrant under false pretenses, pursuant to which they arranged to

enter and entered the subject premises, conducted an extensive search of the subject premises, arrested all of the plaintiffs without probable cause therefor for a period of approximately three hours, used excessive force upon plaintiff RAMI TAVERAS and caused great mental anguish and emotional upset to both plaintiff CRUZ and infant plaintiff R.T.

82. As a result of the aforementioned acts committed by the individual defendants, all plaintiffs suffered a loss of liberty; plaintiff RAMI TAVERAS was physically injured; and plaintiff CRUZ and infant plaintiff R.T. suffered great emotional distress and anguish, for which they required treatment.

83. By reason of the aforementioned unconstitutional and illegal actions taken against them by the individual defendants, plaintiffs have collectively been damaged in the amount of ONE MILLION ($1,000,000.00) DOLLARS and demand an additional ONE MILLION ($1,000,000.00) DOLLARS as punitive damages against the individual defendants.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF ALL PLAINTIFFS AGAINST DEFENDANTS DALIZ, JACKSON, GOGGIN, LICHTBRAUN, REDDY, ROWDA, PESICK, SEPULVEDA, KALOGIROS, SOLOMON, THOMPSON, RODRIGUEZ, McNULTY DOUGHERTY AND THE CITY OF NEW YORK
(False Arrest)

84. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "83" hereinabove as if more fully set forth at length herein.

85. On or about February 9, 2012, at or about 9:41 P.M., at the premises 550 West 172nd Street, Apt. 3C, County, City and State of New York, defendants DALIZ,

JACKSON, GOGGIN, LICHTBRAUN, REDDY, ROWDA, PESICK, SEPULVEDA, KALOGIROS, SOLOMON, THOMPSON, RODRIGUEZ, McNULTY and DOUGHERTY, without probable cause therefor, forcibly, wrongfully and unlawfully arrested the plaintiffs to this action and, against their own free will, kept them handcuffed for two hours and kept them all prisoner in their own home for three hours.

86. The individual plaintiffs hereto were illegally, falsely, maliciously, wrongfully and unlawfully kept confined as hereinabove described until the aforementioned individual defendants vacated the plaintiffs' aforementioned home without locating any contraband or illegal substances therein.

87. At the time they committed the aforesaid acts of false arrest and false imprisonment, the aforementioned individual defendants were acting within the scope of their employment by defendant CITY OF NEW YORK.

88. By reason of the false arrest and false imprisonment committed by the aforementioned individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, each of the plaintiffs to this action suffered a loss of his or her liberty and, with regard to plaintiff CRUZ and the infant plaintiff R.T., suffered extreme emotional distress and anguish, requiring psychological treatment.

89. As a result of the aforementioned acts of false arrest and false imprisonment committed against them by the aforementioned individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, the plaintiffs have collectively been damaged in the sum of ONE MILLION

($1,000,000.00) DOLLARS and seek an additional ONE MILLION ($1,000,000.00) DOLLARS as punitive damages against the individual defendants.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF RAMI TAVERAS
### AGAINST DEFENDANTS DALIZ, JACKSON, GOGGIN,
### LICHTBRAUN, REDDY, ROWDA, PESICK, SEPULVEDA,
### KALOGIROS, SOLOMON, THOMPSON, RODRIGUEZ, McNULTY
### <u>DOUGHERTY AND THE CITY OF NEW YORK</u>
### (Battery)

90. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "89" hereinabove as if more fully set forth at length herein.

91. On or about February 9, 2012, at approximately 9:41 P.M., at the premises 550 West 172nd Street, Apt. 3C, County, City and State of New York, one or more of defendants DALIZ, JACKSON, GOGGIN, LICHTBRAUN, REDDY, ROWDA, PESICK, SEPULVEDA, KALOGIROS, SOLOMON, THOMPSON, RODRIGUEZ, McNULTY and DOUGHERTY, without probable cause, offensively touched plaintiff RAMI TAVERAS by throwing him to the floor and striking him with such force as to cause severe and painful bruising to his face.

92. The aforementioned force used by the aforementioned individual defendant or defendants was not reasonable under the circumstances.

93. At the aforementioned time and place the aforementioned individual defendants were acting within the scope of their employment by defendant CITY OF NEW YORK.

94. By reason of the aforementioned battery committed against him by one or more of the aforementioned individual defendants, while they were acting within the

scope of their employment by defendant CITY OF NEW YORK, plaintiff RAMI TAVERAS suffered severe and painful physical injury.

95.     As a result of the battery committed upon him by one or more of the individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff RAMI TAVERAS has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and seeks an additional ONE MILLION ($1,000,000.00) DOLLARS as punitive damages against the individual defendants.

WHEREFORE, plaintiffs, ROMULO TAVERAS, individually, and as parent and natural guardian of R.T., an infant over the age of 14 years, RAMI TAVERAS and YUDELKA CRUZ, demand judgment against the defendants, P.O. ANGEL DALIZ, Shield No. 6826, DETECTIVE DERRICK JACKSON, Tax Identification No. 899385, SERGEANT KEVIN GOGGIN, Tax Identification No. 900851, CAPTAIN PAUL LICHTBRAUN, Tax Identification No. 897872, CAPTAIN KEVIN REDDY, Tax Identification No. 913607, LIEUTENANT ROWDA, DETECTIVE PESICK, DETECTIVE SEPULVEDA, DETECTIVE KALOGIROS, DETECTIVE SOLOMON, DETECTIVE THOMPSON, DETECTIVE RODRIGUEZ, DETECTIVE McNULTY, DETECTIVE DOUGHERTY, UNDERCOVER OFFICER #93, UNDERCOVER OFFICER #229, CONFIDENTIAL INFORMANT 12-00149, A.D.A. NEUALA O'DOHERTY and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION:     One Million ($1,000,000.00) Dollars and demand an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants;

SECOND CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demand an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants DALIZ, JACKSON, GOGGIN, LICHTBRAUN, REDDY, ROWDA, PESICK, SEPULVEDA, KALOGIROS, SOLOMON, THOMPSON, RODRIGUEZ, McNULTY, and DOUGHERTY; and

THIRD CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demand an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants DALIZ, JACKSON, GOGGIN, LICHTBRAUN, REDDY, ROWDA, PESICK, SEPULVEDA, KALOGIROS, SOLOMON, THOMPSON, RODRIGUEZ and McNULTY and DOUGHERTY.

In addition, plaintiffs demand the costs and disbursements of this action, including their attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
May 5, 2014

*[signature]*

ALAN D. LEVINE, ESQ.
Attorney for Plaintiffs
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2236